AO 10
Rev. 1/2007

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2006

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| HANSEN, David R | U.S. Court of Appeals-8th Circ | 05/02/2007 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| U.S. Circuit Judge (Senior) | ☐ Nomination, Date<br>☐ Initial ☒ Annual ☐ Final<br><br>5b. ☐ Amended Report | 01/01/2006<br>to<br>12/31/2006 |

| 7. Chambers or Office Address | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. |
|---|---|
| United States Courthouse<br>101 First Street SE<br>Cedar Rapids, IA 52401-1230 | Reviewing Officer _____ Date _____ |

***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Partner in Farm Rental-Partnership-See attached letter of explanation | Iowa Falls, IA |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

RECEIVED 2007 MAY -7 A 9:58 FINANCIAL DISCLOSURE OFFICE

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of instructions.)*

☐ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 3/1/71 | ██████ and ██████ 50-50 Farm Partnership |
| 2. | | |
| 3. | | |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of instructions.)*

### A. Filer's Non-Investment Income

[X] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

[X] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## IV. REIMBURSEMENTS — *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)*

[ ] NONE *(No reportable reimbursements.)*

| | SOURCE | DESCRIPTION |
|---|---|---|
| 1. | Iowa Academy of Trial Lawyers | (See Part VIII. Additional Information) |
| 2. | Tampa Bay Chapter of the Federal Bar Association | (See Part VIII. Additional Information) |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| HANSEN, David R | 05/02/2007 |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of instructions.)*

[X] NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children. See pp. 32-33 of instructions.)*

[X] NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| HANSEN, David R | 05/02/2007 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of the spouse and dependent children. See pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Shares-Templeton Growth Fund, Inc. | B | Dividend | K | T | Bght | 10/06 | J | | |
| 2. | | | | | Bght | 12/15 | J | | |
| 3. Units Consolidated Capital Limited Partnership | A | Interest | J | W | | | | | |
| 4. One-half interest ▓▓▓▓ farm Hardin County, Iowa | D | Rent | L | S | | | | | 100%assessed value=$84,050 |
| 5. Rental Duplex-Iowa Falls IA Sold 2005-reported 2005 report | | | | | | | | | |
| 6. Principal Life Insurance Policies Cash Surrender Values | | None | K | T | | | | | |
| 7. Certificate of Deposit, Mt. Vernon Bank, Mt. Vernon, Iowa | A | Interest | J | T | | | | | |
| 8. Savings Account Mt. Vernon Bank, Mt. Vernon, Iowa | A | Interest | J | T | | | | | |
| 9. Savings Account Mt. Vernon Bank, Mt. Vernon, Iowa | A | Interest | J | T | | | | | |
| 10. PrinFinGrpStock issued on demutualization | A | Dividend | K | T | | | | | |
| 11. Lutheran Brhd Life Insur policies cash surr value | | None | L | T | | | | | |
| 12. Amerus Life Insur Policy cash surrender value | | None | J | T | | | | | |
| 13. Real Estate Contract (Sale of Rental Duplex #5 above) | A | Interest | J | T | | | | | |
| 14. | | | | | | | | | |
| 15. | | | | | | | | | |
| 16. | | | | | | | | | |
| 17. | | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | P3 =$25,000,001 - $50,000,000 | R =Cost (Real Estate Only) | P4 =More than $50,000,000 | T =Cash Market | |
| | Q =Appraisal | V =Other | S =Assessment | | |
| | U =Book Value | | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| HANSEN, David R | 05/02/2007 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

Continuation of IV. REIMBURSEMENTS:

1. 2 nights lodging, one meal for self for speaking at annual meeting and legal education seminar held in Des Moines, IA on March 1 and 2, 2006.

2. Complimentary registration, 3 nights lodging, and 3 meals for self for being on a panel at the National Federal Sentencing Guidelines Seminar, sponsored jointly by the United States Sentencing Commission and the Tampa Bay Chapter of the Federal Bar Association in Miami Beach, FL on May 31, June 1 and 2, 2006. (I used my personal frequent flier miles for the airfare.)

| Name of Person Reporting | Date of Report |
|---|---|
| HANSEN, David R | 05/02/2007 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature ██████████████████  Date *May 2, 2007*

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

## FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

*COPY*

CHAMBERS OF
JUDGE DAVID R. HANSEN

May 4, 1990

Honorable John H. Pratt
Chairman, Judicial Ethics Committee
Judiciary Conference of the United States
811 Vermont Ave., N.W.
Washington, D.C.  20544

　　　Re:  WIN-GIN Farms

Dear Judge Pratt:

　　　Your letter of April 6, 1990 is received.

　　　In 1971, while a practicing lawyer in Iowa Falls, Iowa, I purchased as an investment an undivided one-half interest in a ███████ Iowa farm.  The other undivided half interest is owned by ███████████████ █████████.  In order to jointly manage our undivided interests, ████████████ and I formed a 50-50 partnership we call WIN-GIN Farms which is a passive conduit which receives the cash rent from the farm, pays the insurance, taxes, and repairs, and passes through the net rental income to each of us equally.  The partnership does not own the real estate.  We do not farm the ground but have always rented it for cash rent to long time farmer tenants.  WIN-GIN Farms produces no crops, raises no livestock, and sells no products.  It is the management device by which ██████████ and I have chosen to efficiently manage our equal but undivided interests in the real estate.  We both do the occasional weekend small repairs such as fixing fence and painting which are required to maintain the property and I prepare the annual Federal and Iowa state income tax returns for the partnership and see to their filing.  The total gross income from the rents last year was $8,100 and after expenses we netted about $6,000 that was split equally between us.

I fully disclosed the nature of this investment at the time of my confirmation hearing, and have reported it on each and all of the financial disclosure reports I have filed. In the fourteen years I have been a trial judge subject to the Code of Conduct, no person has suggested any impropriety in my relationship with ███████████ or WIN-GIN Farms.

WIN-GIN Farms is not a "business" -- it is a vehicle by which I manage my investment in the farm. If I owned the whole of the farm as an investment and rented it out for cash, I would be doing the very same functions I do with ████████ through WIN-GIN Farms.

Canon 5(c)(2) provides in part that "a judge may hold and manage investments, including real estate, . . . but should not serve as an officer, director, active partner, manager, advisor, or employee of any business." Since this partnership is a conduit for rent and is not engaged in any "business," including farming, I believe it is fundamentally different from the closely held small business corporation in Advisory Opinion No. 10, and from the proscribed personal management or operation of a farm or ranch explained in Advisory Opinion No. 30.

I hope this information is helpful to the Committee as it reviews my Financial Disclosure Report.

Respectfully yours,

David R. Hansen